UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | ) |
| V. | ) Case No. 1:21-cr-00191-JEB-1 |
| **RYAN ZINK,** | ) |
| Defendant. | ) |

## DEFENDANT ZINK'S MOTION FOR DISCLOSURE OF ALL UNDERCOVER AGENTS, ANTIFA ACTIVISTS, AND CONFIDENTIAL HUMAN SOURCES WITHIN THE SPHERE OF DEFENDANT'S ALLEGED CONDUCT

Comes Now Defendant Ryan Zink, by and through his counsel of record, with this motion for an order compelling the disclosure of all undercover agents, Antifa activists, and confidential human sources within the sphere of the Defendant's alleged conduct on January 6, 2021.

This request is made in accordance with the principles of due process and fairness, and is vital to ensure the defendant's constitutional rights are protected.

I. Introduction

In the present case, on Jan. 6, 2021, the defendant was drawn near to activities of property destruction and vandalism set up by individuals suspected of being confidential government sources, undercover agents or protected Antifa assets.[1]

---

[1] "Antifa" is an umbrella organization or movement which purports to be 'anti-fascist.' However, many of the movement's adherents are pro-government extremists who seek bigger, more powerful, and more expansive and intrusive government. For obvious reasons, government officials often support, subsidize, or sympathize with these

Zink's very presence on the upper east terrace is now the basis for Zink's criminal prosecution by the United States for absurdly exaggerated crimes such as "obstruction of an official proceeding."

The defense asserts that the identities of informants amid Zink on Jan. 6 are highly relevant to the case and their disclosure is crucial to the defendant's ability to present an effective defense. *See, e.g., Brady v. Maryland*, 373 U.S. 83 (1963) (prosecution has an obligation to disclose any evidence that is favorable to the accused and material to guilt or punishment. The failure to provide exculpatory evidence violates the defendant's due process rights); *United States v. Bagley*, 473 U.S. 667 (1985) (Brady extends to evidence known only to police investigators and not just to the prosecutor); *United States v. Ruiz*, 536 U.S. 622, 626-32 (2002) (government's failure to disclose evidence favorable to the accused violated the defendant's rights).

In *Roviaro v. United States*, 353 U.S. 53, 59 (1957) the Supreme Court found that the court may order disclosure of informants' identities where disclosure is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Roviaro*, 353 U.S. at 60-61. The determination whether to disclose the identity of a confidential informant requires the court to balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id*. at 62.

---

pro-government extremists. Consequently, antifa rioters are often coddled, underprosecuted, or even protected by government officials.

In this case, Mr. Zink is being prosecuted for serious crimes in part for trying to expose unknown vandals at the Capitol whom are not being prosecuted. As a matter of basic fairness, due process, and the right to confront accusers, Mr. Zink has a right to know and cross-examine the witnesses and actors he is accused of interacting with on January 6.

III. Background of Zink's Exculpatory Evidence

Defendant Zink was present on the east side of the Capitol on January 6 as several mysterious individuals committed property destruction, including smashing of windows. Zink counseled against such property destruction and tried to prevent it. But mysterious unidentified vandals threatened Zink, and Zink was unable to prevent the mysterious perpetrators from damaging the building. See https://www.bizpacreview.com/2021/06/27/new-jan-6-video-shows-police-walk-away-after-black-clad-men-smash-windows-fbi-uninterested-1094598/

Journalist witness Bobby Powell has reported that DC police were mysteriously ordered to leave without making any arrests at the east side window area. In fact, police can be seen in the video suddenly departing the scene. After one of the instigators finished breaking out the window following the departure of the police, a protester appeared to confront them. The black-clad man with a mask over his face shoved the man and eventually pushed him away.

Zink, like Powell, was also a witness to these same events.  The prosecution is withholding the exclulpatory evidence of who the players were or are, and how Zink was set up for prosecution.

Now, instead of recognizing or rewarding Zink's valiant efforts, the United States is prosecuting Zink and not the people who committed the crimes.  Zink has reason to believe the identities of these mysterious perpetrators are known to the United States.  Zink cites numerous confirmed reports that there were dozens of confidential human sources and undercover government agents among the protestors at the Capitol on Jan. 6.

Additionally, there are new revelations that over 100 Antifa activists were engaging in activities at the Capitol on Jan. 6.  A news article in *the Gateway Pundit* titled "Jan 6 Antifa Whistleblower Writes Letter From Prison, Admits Involvement" published on June 2, 2023 documents the role of Antifa activists at the Capitol.  This evidence underscores the need for full disclosure of informant and Antifa identities known to the United States.

One Antifa leader named Landon Copeland (who has kept silent until being sentenced last week) now admits that there were 100 Antifa agitators at the Capitol on J6.  Whistleblower Copeland's interview indicates that a large Organized Planning Session of Hundreds took place around Jan. 5.

Note that antifa activist Landon Copeland was the first person to start pushing cops at the "3rd breach" area on the lower west terrace, triggering cops to start firing

projectiles at the heads of people in the crowd (which then triggered the crowd on the West side to get agitated).

The right to exculpatory evidence is rooted in the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution. It is a fundamental principle that ensures fairness and integrity in the criminal justice system. The defense contends that exculpatory evidence in this case, including informant identities and unreleased footage, may be crucial to the defendant's defense.

**Relief Requested**

Therefore, in light of the aforementioned precedence and the fundamental right to exculpatory evidence, the defense respectfully requests the following relief:

1. The prosecution must disclose the identities of all undercover agents and confidential human sources who were present in the area relevant to the defendant's case during the January 6th incident.

2. The prosecution must provide all unreleased footage from January 6th, 2021, which may contain exculpatory evidence vital to the defendant's defense.

3. The prosecution must disclose the identities of all antifa-affiliated activists who were present in the area relevant to defendant's case on Jan. 6, to the extent known by the government.

4. The court should ensure that appropriate measures are taken to protect the safety and well-being of any informant whose identity is disclosed to the defense.

5. The defense requests sufficient time to review the disclosed identities and evidence, and to prepare a defense strategy based on this information.

**Conclusion**

In conclusion, the defense firmly believes that the disclosure of informant identities and unreleased footage from January 6th, 2021, is essential to uphold the defendant's constitutional rights and ensure a fair trial. The precedence set by previous court cases and the importance of exculpatory evidence support this request. Furthermore, the newly discovered evidence raises legitimate concerns that further support the need for disclosure.

The defense respectfully urges this honorable court to grant this motion and order the disclosure of informant identities and all unreleased footage from January 6th, 2021. By doing so, the court will uphold the principles of justice, fairness, and the defendant's right to a constitutionally guaranteed fair trial.

Date: June 6, 2023

Respectfully Submitted,
 /s/ *John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email:jpierce@johnpiercelaw.com
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that, on June 6, 2023, this motion was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

*/s/ John M. Pierce*
John M. Pierce