UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Complainant** | : | |
| | : | |
| v. | : | **Criminal Case No.** |
| | : | **1:21-cr-00191 (JEB)** |
| **RYAN ZINK,** | : | |
| | : | |
| **Defendant.** | : | |

_____

## DEFENDANT RYAN ZINK'S REQUEST FOR FORMAL ISSUANCE OF WITNESS SUBPOENAS AND COPIES CERTIFIED BY THE CLERK

Defendant RYAN ZINK ("Zink"), by and through undersigned counsel, requests that the Clerk of the Court issue formal copies with signature and seal affixed to the subpoenas issued in blank by the Clerk's office signed with pre-copied signature – which is the correct procedure under local rules.  These subpoenas are legally valid under normal District Court procedures.

However, given the formality of seeking the testimony of up to four Members of Congress to testify about what happened on the other side (inside) of the U.S. Capitol walls on January 6, 2021, in relation to allegations under 18 U.S.C. 1512(c)(2) of obstructing the Joint Session of Congress, counsel requests that a formally signed and/or certified subpoena be available to serve upon the General Counsel of the U.S. House of Representatives.

Therefore, Defendant by counsel requests the Clerk to issue subpoenas with a formal signature and/or certified copies.  Please let us know if there is a fee for certified copies.

Ryan Zink, whose father was then a Republican candidate for Congress, never went inside the U.S. Capitol on January 6, 2021, but was assisting his father in talking to media about

the contested results in certain States and learning what was happening in Congress.

The FBI alleges that "The third, and final, video segment was recorded at 3:28 p.m. on January 6, 2021." Thus, the Government appears to be claiming that Ryan Zink arrived at the Capitol around ***an hour after*** the Joint Session of Congress recessed and voluntarily left the area of Capitol Hill more than four and a half (4.5) hours before the Joint Session reconvened. Therefore, testimony of when, why, and how the Joint Session of Congress recessed before Ryan Zink even arrived at the Capitol and how it resumed 4.5 hours after he left peacefully and voluntarily is directly exculpatory under *Brady v. Maryland* of Ryan Zink's actual innocence of 18 U.S.C. 1512(c)(2). The USCP and DoJ have fervently resisted the disclosure of information about when the decision to recess was first made, what the reasons were, and how this unfolded.

Therefore, it matters what exactly triggered the decision of the U.S. Capitol Police to recess Congress. Did it relate to anything happening outside on the grass? Was it the discovery of pipe bombs a few blocks away without knowledge of whether more might exist? Was it the physical entry of demonstrators into the building? Was it the few who battered the doors to the House and Senate chambers? Since Ryan Zink was merely on the grounds outside, it was not Zink who caused or triggered the recess. In *United States v. Esperance, et al.*, Secret Service agent "E.G." testified that even when she heard glass breaking in windows downstairs she reported the physical breach of the building to her Secret Service superiors on site and they still did not order a "relocation" but ordered her to retrace, check, and confirm possible escape routes *if needed*. So even broken windows were not the triggering events, according to Agent E.G.

Precision is required. Members of Congress will be able to testify that the U.S. Capitol as a 750 foot long building is frequently filled with hundreds of visitors, citizen activists, lobbyists, tourists, tours of school children, etc. Yet the mere presence of hundreds of people

who are not Congressional staff has no impact on Congressional business on the chamber floors nor in committee hearing rooms.  Therefore, precision is necessary to understand what exactly happened on January 6, 2021, when it happened, and whether any of that has anything to do with this firm's Defendant Ryan Zink as an individual.  Hundreds of visitors on any given business day do not disrupt Congress at work.  Some thing clearly did disrupt Congress.  But it wasn't Ryan Zink demonstrating peacefully out on the grass, no matter how many unapproved political opinions that the DoJ doesn't like hearing were spoken outside on the grass.

The DoJ has evaded this precision and any inquiry by arguing that it would take time for the session to resume.  But again, no precision is offered of any kind as to how Defendants who voluntarily left hours earlier – 4.5 hours in the case of Ryan Zink -- delayed the resumption of the Joint Session by even one second.  If Ryan Zink had suffered a flat tire and never made it to Washington, D.C. that day, would Ryan Zink's absence have sped up the process by even one second compared with Zink's presence visiting Capitol Hill but then leaving voluntarily (that is with no effort expended by officers) 4.5 hours earlier.  No evidence has ever been presented in any case to our knowledge comparing these two counter-factual hypothetical scenarios.

The Government pervasively and without response to objections violates Rule 106 of the Federal Rules of Evidence by quoting fragments of conversations or videos, thereby fundamentally changing the meaning of statements and conversations to different statements that January 6 Defendants never actually said.  Clearly protected expression of free speech has been consistently presented as in and of itself a crime, essentially the crime of having political opinions different from the DoJ's leadership.

Frequently, "as it happened" reports of what other people in the crowd were doing is, merely reporting what was happening generally on Capitol Hill, are falsely misrepresented as

statements by a January 6 Defendant.  Informing social media followers and subscribers of what is happening is being deliberately twisted as if they were statements by a Defendant about his or her own actions rather than reports of what the Defendant is seeing others in the crowds doing and then merely sharing as information with curious followers over the internet.[1]

Therefore, counsel would like to present originally signed and/or sealed and/or certified subpoenas to assist Members of Congress who could provide such information by testimony.  Out of respect for Congress who witnesses these events from the inside of the building, counsel would like to do the formal procedures right.

July 20, 2023                                   **RESPECTFULLY SUBMITTED,**
                                                John M. Pierce, Esq.
                                                *Counsel for Defendant*

                                                _____/s/ John Pierce_____

                                                JOHN PIERCE LAW
                                                21550 Oxnard Street 3rd Floor, PMB #172
                                                Woodland Hills, CA 91367
                                                E-mail:  jpierce@johnpiercelaw.com
                                                Telephone:   (213) 279-7846

---

[1] If one says of the Washington Commanders football team "We scored a touchdown in the last 30 seconds" by no means did the speaker participate in any way with playing on the football field or causing, helping, or achieving that touchdown.  "We" does not mean or include "me."  The speaker is clearly not on the Washington Commanders football team, not an NFL player, and not responsible for the touchdown.  Humans speak in casual ways and we understand that.

**CERTIFICATE OF SERVICE**

      I hereby certify that my law firm is filing the foregoing with the Court by its ECF record-keeping and filing system, which automatically provides a copy to:

> MATTHEW M. GRAVES
> UNITED STATES ATTORNEY
>
> By and through: */s/ Francesco Valentini*
> Francesco Valentini
> United States Department of Justice, Criminal Division
> Detailed to the D.C. United States Attorney's Office
> 601 D Street NW
> Washington, D.C. 20530
> (202) 598-2337
> francesco.valentini@usdoj.gov

                      */s/ John Pierce*
                      John M. Pierce