UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-CR-191 (JEB) |
| | : | |
| RYAN ZINK, | : | |
| | : | |
| Defendant. | : | |

## UNITED STATES' OPPOSITION TO DEFENDANT'S
## MOTION *IN LIMINE* TO EXCLUDE AERIAL PHOTOGRAPH

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia and undersigned counsel, respectfully opposes the defendant's untimely[1] motion *in limine* to exclude an aerial photograph. ECF No. 62. The photograph in question is an aerial view of the Capitol grounds with the restricted perimeter that was established on January 6, 2021 shown by a red line superimposed on the photograph. In a motion replete with conjecture and baseless accusations, Defendant Ryan Zink ("Zink") asks this Court to exclude the aerial photograph on the grounds that it is "altered" or "falsified." *Id.* at 3-7. Zink objects to the image because the red line that appears in the photograph wasn't actually drawn on the ground on January 6, 2021. *Id.* at 4 ("The photograph has been falsified, doctored, or altered by a computer-generated red line being added much like the spaceships in the movies like Star Wars"). As explained herein, Zink's motion *in limine* is without merit and should accordingly be denied.

---

[1] The Court established a deadline for motions in limine of June 12, 2023. ECF 50. The current attorney of record, John Pierce, entered his appearance on February 14, 2023. ECF48. The motion in limine at issue here was filed on July 17, 2023. ECF 62. Late filing of a motion requires a showing of good cause. Fed. R. Crim. P. 47(c); 12(c)(3).

**LEGAL STANDARD**

Motions *in limine* serve the limited purpose of narrowing evidentiary issues for trial and eliminating unnecessary trial interruptions. *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 10 (D.D.C. 2011. "In short, motions *in limine* are a means for arguing why 'evidence should or should not, *for evidentiary reasons,* be introduced at trial.'" *Barnes v. District of Columbia*, 924 F. Supp. 2d 74, 78 (D.D.C. 2013) (quoting *Williams v. Johnson*, 747 F. Supp. 2d 10, 18 (D.D.C. 2010)).

Federal Rule of Evidence Rule 401 defines relevance as evidence that has any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence. Rule 402 is a "rule of inclusion" meaning that all relevant evidence is generally admissible unless it is specifically excluded by the Constitution or a statute. And Rule 403 provides that a court "may exclude" otherwise "relevant evidence" if its probative value is "substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.*; *see also United States v. Rogers*, 918 F.2d 207, 209 (D.C. Cir. 1990) ("As their language makes clear, rules 401, 402, and 403 set out the general principle that evidence should be admitted if relevant, but relevant evidence may be excluded if unfairly prejudicial." (citing *Huddleston v. United States*, 485 U.S. 681, 687 (1988)).

Evidence is not "unfairly prejudicial" merely because it may reflect poorly on the defendant, is damaging to the defense, or implicates the defendant in criminal activity. "Unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial, or it isn't material. The prejudice must be unfair." *United States v. Cassell*, 292 F.3d 788, 796 (D.C. Cir. 2002); *see also United States v. Gartmon*,

146 F.3d 1015, 1021 (D.C. Cir. 1998) (Rule 403 "does not bar powerful, or even 'prejudicial' evidence. Instead, the Rule focuses on the 'danger of *unfair* prejudice.'") (emphasis in original).

## ARGUMENT

A. The Photograph is Relevant

The motion pending before the court should be denied for several reasons. First, the aerial photograph is clearly relevant. Zink is charged with violation of 18 U.S.C. §§ 1752(a)(1) and (a)(2), offenses involving his presence within the restricted area arising from the Vice President's temporary visit to the Capitol on January 6, 2021 for proceedings to certify the Electoral College vote. The photograph is an aerial view of the Capitol building and grounds and shows the restricted area's perimeter at the edge of the Capitol grounds that was established on January 6, 2021:



Moreover, Zink was well within the restricted area–indeed right next to the Capitol itself–therefore this the photograph depicting the outer margin of the restricted area is, at best, a contrived dispute. His motion is wholly lacking in evidence that the photograph shows an inaccurate view of the perimeter, much less that the photograph is "falsified." For the serious, but specious, allegation of falsification, Zink should have put forth substantial evidence or should have supported the motion

with an affidavit. As it stands, the photograph, shows that it is more probable than not that Zink was within the restricted area and is not unfairly prejudicial. Thus, pursuant to Federal Rules of Evidence 401, 402 and 403 it is relevant and admissible once authenticated at trial.

    B. The Photograph is Fair and Accurate

Evidence is admissible if the proponent can "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Ev. 901(a); *United States v. Khatallah*, 41 F.4th 608, 623 (D.C. Cir. 2022) (showing is sufficient if it permits a reasonable juror to find the evidence is what its proponent claims) (internal quotation omitted). The requirements of Rule 901(a) may be satisfied through the testimony of a witness with knowledge "that an item is what it is claimed to be." Fed. R. Ev. 901(b)(1). A witness may authenticate a photograph by testifying that the photograph is a fair and accurate depiction. *U.S. v. Rembert*, 863 F.2d 1023, 1027-1028 (D.C. Cir. 1988). There is no requirement that the person who authenticates a photograph be the photographer. *Id*., citing *United States v. Taylor*, 530 F.2d 639 (5th Cir. 1976) (trial court admitted photographs taken by an automated bank camera of the public area of a bank while employees were locked in the bank vault, even though no employee could testify as to the accuracy of the scene in the public area at the time the photographs were taken).

Zink contends that the aerial photograph outlining the restricted Capitol Grounds is "falsified, doctored, or altered" and also refers to it as "fabricated" because of the addition of the red line. ECF No. 62 at 3. He contends that it could only be authenticated by a person "who is familiar with flying above the U.S. Capitol and viewing it from the air." *Id*. at 4. Zink's attempt to bar use of the exhibit−authenticated and admitted into evidence in numerous prior January 6 cases−is premature and without merit. As it has in prior Capitol Breach trials, the United States intends to establish the foundation for authenticity of the photograph of the restricted area in place

on January 6, 2021, through the testimony from witnesses. The United States anticipates that the witnesses, who have personal knowledge of the restricted area and security measures in place on January 6, 2021, will testify that the red line superimposed on the photograph is a fair and accurate representation of the restricted area in place around the Capitol on January 6 due to the visit of Vice President Michael Pence.  These witnesses will explain the use of bike rack barricades, "area closed" signs, and officers to set and secure the security perimeter. This anticipated testimony satisfies the authentication and admissibility standards. F.R.E. 901(a); *see also United States v. Thomas*, No. 98-41331, 2000 WL 1028971 at *5 (5th Cir. July 5, 2000) (reviewing various grounds for admission of map derived from aerial photograph that was digitized to add red radii in order to show the defendant's house was within 1,000 feet of a playground in connection with prosecution for distribution of crack cocaine; rejecting argument that witness who created and authenticated the map had not personally measured anything), *cert. denied sub nom. Torres v. United States*, 532 U.S. 1010 (2001); *United States v. Jared Kastner*, No. 21-cr-725 (MAU) (D.D.C.) (July 21, 2023 Minute Entry denying defendant's Motion in Limine To Exclude Falsified Photograph of Purported Red Line around US Capitol).

  Zink's arguments that no red line was actually painted on the ground, and that this particular exhibit was not publicly posted at the Capitol grounds on January 6, are frivolous and irrelevant to the exhibit's admissibility.  The photograph fairly and accurately represents the Capitol and the area surrounding the Capitol on January 6, 2021, and the red line fairly and accurately shows the security perimeter that was in place and violated by Zink and his fellow rioters. The public posting of such a picture is not a prerequisite to admissibility or to establishing a restricted building or grounds under 18 U.S.C. § 1752, or any other statute.  Zink may cross-

examine witnesses about the exact contours of the restricted area, but the contentions in his motion in limine do not show grounds for exclusion of the photograph.

### C. The Photograph is Admissible as a Summary Exhibit

Federal Rule of Evidence 611(a)(2) allows the trial court discretion to control the mode and order of presentation of witnesses and evidence to avoid wasting time. A summary exhibit is one that contains voluminous documents or photographs that cannot easily be examined in court at one time. Fed. R. Ev. 1006. A summary exhibit is an illustrative aid that helps the jury understand testimony in context. Factors relevant to admissibility include "the length of trial, the complexity of the case, and the possible confusion generated by a large number of exhibits." *United States v. Renteria*, 720 F.3d 1245, 1253 (10th Cir. 2013), *cert. denied*, U.S., 134 S.Ct. 969 (2014). In the context of Capitol Breach cases, numerous photographs of representative segments of the restricted perimeter, demarcated by bike rack barricades and "area closed" signs, could be compiled and shown to a jury but it would waste an inordinate amount of time. The red line superimposed on the aerial photograph serves as a summary of what would otherwise be voluminous and confusing evidence of each segment of the security perimeter.

The court may also admit a summary exhibit as evidence. *United States v. Bray,* 139 F.3d 1104, 1111–1112 (6th Cir.1998) (summaries or charts used as pedagogical devices or illustrative aids which organize or aid jury's examination of testimony or documents in evidence may "in appropriate cases" also be admitted in evidence although not within specific scope of Rule 1006); s*ee also United States v. Johnson,* 54 F.3d 1150, 1159–61 (4th Cir.1995). Factors to be examined to determine whether to admit a summary exhibit as evidence include whether the proponent of the evidence is available for cross examination and whether a limiting instruction is needed. *United States v. Ray*, 370 F.3d 1039, 1046-47 (10th Cir. 2004).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the requested relief or, if the Court reserves ruling, to consider the above arguments when the relevant issues arise during trial.

Date: July 28, 2023

                                          Respectfully submitted,

                                          MATTHEW M. GRAVES
                                          United States Attorney
                                          D.C. Bar No. 481052

By:                 */s/ Cari F. Walsh*
                                          CARI F. WALSH
                                          Assistant U.S. Attorney
                                          M.O. Bar No. 37867

                                          HOLLY F. GROSSHANS
                                          Assistant U.S. Attorney
                                          D.C. Bar No. 90000361

                                          United States Attorney's Office
                                          for the District of Columbia
                                          601 D Street, NW
                                          Washington, D.C. 20530
                                          Phone: (202) 252-6737
                                          Cari.Walsh@usdoj.gov
                                          Holly.Grosshans@usdoj.gov