UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Action No. 21-191 (JEB) |
| RYAN SCOTT ZINK, | |
| Defendant. | |

## MEMORANDUM OPINION

Defendant Ryan Scott Zink was a member of the crowd that stormed the U.S. Capitol on January 6, 2021. He is charged with multiple criminal counts related to such conduct. With trial fast approaching, the Government has filed three Motions *in Limine* to preclude certain evidence. As it has in the past with identical motions relating to other January 6 defendants, the Court will largely grant these Motions. Zink, meanwhile, has filed one Motion to Obtain Certain Evidence from the Government and two Motions *in Limine* to preclude other evidence. The Court will largely deny his Motions.

### I.    Background and Legal Standard

Zink has been indicted on four counts: Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2) and (2) (Count I); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count II); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count III); and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count IV). See ECF No. 6 (Indictment). Both sides have now filed Motions *in Limine*.

1

"[M]otions *in limine* are a means for arguing why 'evidence should or should not, for evidentiary reasons, be introduced at trial.'" Graves v. District of Columbia, 850 F. Supp. 2d 6, 11 (D.D.C. 2011) (emphasis omitted) (quoting Williams v. Johnson, 747 F. Supp. 2d 10, 18 (D.D.C. 2010)).  They "are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" Id. at 10 (quoting Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990)).  The court has "broad discretion in rendering evidentiary rulings, . . . which extends . . . to the threshold question of whether a motion *in limine* presents an evidentiary issue that is appropriate for ruling in advance of trial." Barnes v. District of Columbia, 924 F. Supp. 2d 74, 79 (D.D.C. 2013).

Although state and federal rulemakers have the prerogative to fashion standards for the inclusion of evidence at trial, the Constitution guarantees to criminal defendants the right to a "meaningful opportunity to present a complete defense." Holmes v. South Carolina, 547 U.S. 319, 324 (2006) (quoting Crane v. Kentucky, 476 U.S. 683, 690 (1986)).  This limits courts' ability to impose "arbitrary" rules of evidence, including those that exclude "important defense evidence" without serving "any legitimate interests," or are otherwise "disproportionate to the purposes they are designed to serve." Id. at 324–25 (internal quotation marks omitted).  At the same time, it falls within a court's discretion to exclude evidence that is not relevant or whose probative value is outweighed by prejudicial factors. Id. at 326; see also id. at 330 (noting that evidentiary rules seek to "focus the trial on the central issues by excluding evidence that has only a very weak logical connection to the central issues").

**II.     Analysis**

    A.  Government Motions

The Government has filed three Motions *in Limine*. They respectively request that this Court restrict: (1) cross-examination regarding the Secret Service's protocols for protecting high-ranking executive officials, see ECF No. 52 (Secret Service Motion), (2) arguments and evidence regarding inaction on the part of Capitol Police on January 6, 2021, see ECF No. 53 (Law Enforcement Inaction Motion), and (3) evidence regarding the precise locations of U.S. Capitol Police surveillance cameras. See ECF No. 54 (Camera Motion). The Court addresses each in turn.

    1.  *Secret Service Motion*

The Government first moves to limit cross-examination of U.S. Secret Service witnesses, seeking to exclude testimony about agency protocols for protecting high-ranking executive-branch officials at the U.S. Capitol. See Secret Service Mot. at 2. Out of a concern for national security, the Government requests that the questioning of such witnesses be limited to whether the Capitol and its grounds were "restricted" on January 6. Id. at 3–4. Zink opposes the Government's request but never offers any substantive argument for why the Court should deny this Motion. See ECF No. 57 (Def. Resp.). Because the Government represents that the protocols at issue will be beyond the scope of direct examination, the Court will exclude such testimony — with the caveat that Defendant may cross-examine within the scope of direct testimony should the Government elicit these details there. See United States v. Bru, No. 21-352, 2023 WL 4174293, at *2 (D.D.C. June 26, 2023) (granting identical motion).

      2.  *Law Enforcement Inaction Motion*

The Government next seeks to preclude Zink from (1) raising a defense of entrapment by law-enforcement officials, and (2) offering any evidence or argument that such officials' failure to act made Defendant's entry into the restricted area lawful.  In the alternative, it asks the Court to preclude Zink from offering any evidence or argument concerning alleged inaction by such officials "unless the defendant specifically observed or was otherwise aware of such conduct."  Law Enforcement Inaction Mot. at 1.  In response, Defendant contends that he "has a right to introduce evidence and testimony" about "[p]olice refusal to stop, enforce, or otherwise follow the law," since this evidence is "material to the defendants' defense."  ECF No. 56 (Def. Resp.) at 2–3.  This Court has previously agreed that precluding all evidence of potential law-enforcement inaction on January 6 before trial "would be premature and should await the presentation of evidence at trial."  United States v. Mock, No. 21-444, 2023 WL 3844604, at *3 (D.D.C. June 6, 2023) (quoting United States v. Carpenter, No. 21-305, 2023 WL 1860978, at *3 (D.D.C. Feb. 9, 2023)).

The Court will follow this well-trodden path and will not at this time "categorically preclude an entrapment-by-estoppel defense."  Id.  It will, however, grant the Government's alternative request.  As in Mock, Defendant here does not — indeed, cannot — argue that evidence of police inaction is admissible if he did not observe it.  Id. (stating that "unobserved behavior" would be "irrelevant under Federal Rule of Evidence 401").  Both sides otherwise agree that any evidence of what Zink saw could be relevant to his state of mind.  See Law Enforcement Mot. at 4.  Since Defendant will still be able to introduce evidence of what he actually observed, the Court will thus grant the Government's Motion in part.

3. *Camera Motion*

The Government last moves to exclude information about the precise locations of Capitol Police cameras, citing national-security concerns. See Camera Mot. at 2. It also requests that, should the defense believe during the course of trial that such locations have become relevant, the Court conduct an *in camera* hearing to resolve the issue. Id. at 5–6. The Court recently granted a virtually identical motion with the same proviso in another January 6th trial. See Mock, 2023 WL 3844604, at *2. It again finds that balance appropriate here, particularly because Defendant has not registered any opposition to this Motion.

Defendant is unlikely to need to probe the precise placement and scope of individual security cameras; general descriptions of each camera's location, along with the video footage each shows, should suffice. The Government, moreover, raises significant national-security concerns with identifying camera locations, which would reveal areas not under video surveillance and could result in security breaches. See Camera Mot. at 5; see also generally ECF No. 54-1 (Declaration of Thomas DiBiase) (explaining security concerns). The Court will accordingly preclude the defense from questioning witnesses about the precise location of Capitol Police cameras but will allow *in camera* proceedings should Zink establish that presentation of such locations becomes necessary during trial.

B. Defense Motions

Defendant requests that the United States disclose the identities of certain undercover agents who he believes were present at the Capitol on January 6. See ECF No. 51 (Disclosure Motion). He also moves *in limine* to restrict two categories of evidence: 1) signs and other barriers that were allegedly not seen by Zink, see ECF Nos. 55 (Signage Motion), and 2) an

5

aerial photograph of the Capitol.  See ECF No. 62 (Aerial Photograph Motion).  The Court now turns to these Motions.

        1. *Disclosure Motion*

Zink first moves to compel disclosure of "all undercover agents, Antifa activists, and confidential human sources within the sphere of the Defendant's alleged conduct on January 6, 2021."  Disclosure Mot. at 1.  He contends that the identities of these individuals are "crucial" to his ability to mount a defense.  Id. at 2.  The Government objects, arguing that Zink's Motion has no basis in fact and fails to explain how this broadly worded request is relevant to his defense.  See ECF No. 60 (Government Response to Disclosure Mot.) at 5–7.

Zink is certainly right that the identity of a potential undercover actor — assuming any were present at the Capitol on January 6 — could be exculpatory evidence that the Government must disclose under Brady v. Maryland, 373 U.S. 83 (1963).  The Government recognizes as much, too.  See Gov't Resp. to Disclosure at 7.  For example, if an undercover officer or informant directed or encouraged Defendant to enter the Capitol, that could well be relevant.  Yet Zink's Motion never identifies a single individual he interacted with whom he now suspects to be an undercover actor.  Nor does he explain how the potential presence of "Antifa activists" is relevant to any defenses he may raise.  Instead, Zink's Motion simply requests the identification of any and all undercover Government agents who may have been present at the Capitol on January 6, regardless of whether these purported actors could have affected or did affect Zink's conduct or state of mind.  This request is far too broad.  As a result, the Court will deny his Motion subject to reconsideration upon a narrower request.

2. *Signage Motion*

Defendant next moves to prevent the Government from introducing evidence or argument regarding (1) signs and other barriers unless it "lays a foundation that Zink actually was in a place to witness such features" and (2) the criminal conduct of others. See Signage Mot. at 1–2. As is evident from Zink's own Motion, both sides agree that the first category of evidence is admissible so long as the Government provides an adequate foundation — meaning that Zink could or should have seen these warnings — at trial. See id. at 1; ECF No. 59 (Government Response to Signage Mot.) at 1. The Court will accordingly grant the Motion as to this category.

Zink's second request is less compelling. Defendant argues that this category of evidence should be excluded because it is "irrelevant, confusing, and misleading." Signage Mot. at 2. He seems to forget that he was charged with, *inter alia*, aiding and abetting the obstruction of an official proceeding. See Indictment at 1 (Count I). Evidence of the criminal wrongdoing of others is not only relevant but crucial to this count, since it is this conduct that Zink is charged with aiding and abetting. The actions of other rioters, moreover, are relevant to some of the other counts Zink faces. As an example, the rioters' collective action is relevant to proving that Defendant disrupted Congress in violation of 18 U.S.C. § 1752(a)(2), as courts have explained in other January 6 cases. See, e.g., United States v. Rivera, 607 F. Supp. 3d 1, 9 (D.D.C. 2022) (holding that defendant disrupted Congress by contributing to the overall riot that "collectively disrupted Congressional proceedings"). Given what Zink has offered so far, the Court will deny this Motion as to this category of evidence.

3. *Aerial Photograph Motion*

Zink's final Motion seeks to exclude evidence or argument founded upon an aerial photograph of the Capitol grounds with a red line superimposed to show the restricted area's

7

perimeter on January 6. See ECF No. 62 (Aerial Photograph Mot.) at 1; ECF No. 66 (Government Response to Photo Mot.) at 3 (depicting photograph in dispute). Zink contends that this piece of evidence is not admissible under the Federal Rules of Evidence because it does not depict what actually existed on January 6 and is thus a fake. See Aerial Photograph Mot. at 4 ("There was of course never any red line painted on the ground around the U.S. Capitol."). He further maintains that the photograph is irrelevant because it was never posted on the Capitol grounds. See id. at 7. The Government retorts that the photograph is relevant to establishing the restricted area and that it helps the jury understand the layout of the grounds. It readily concedes, moreover, that no actual red line existed and that Defendant was not aware of the photograph itself. See Gov't Resp. to Photo at 4–5.

With these caveats, the Court sees no basis to bar the photograph's admission. To prove that Zink violated 18 U.S.C. § 1752(a)(1) (Count II), for instance, the Government must show that he entered or remained "in any restricted building or grounds." 18 U.S.C. § 1752(a)(1). The photograph is plainly probative of the boundaries of the restricted area, which the Government will have to establish with eyewitness testimony, and whether Defendant ever crossed said boundaries on January 6. Title 18 U.S.C. § 1752(a)(2) (Count III) similarly requires the Government to establish that Zink engaged in "disorderly or disruptive conduct in, or within . . . proximity to, any restricted building or grounds." Here, too, evidence as to the boundaries of the restricted area is highly relevant. The probative value of the photograph thus outweighs any potential prejudice or cumulativeness. See Fed. R. Evid. 403. Zink's conclusory allegations that the photograph has been "doctored," Aerial Photograph Mot. at 4, do nothing to change the Court's conclusion, so it will deny this Motion. The Government, of course, must still authenticate the photograph at trial through witness testimony. See Fed. R. Evid. 901(b)(1).

And Defendant will have an opportunity at that time to cross-examine these witnesses about the exact contours of the restricted area.

### III. Conclusion

The Court, accordingly, will grant the Government's Motions *in Limine* regarding Secret Service testimony and Capitol camera locations in full and will grant its Motion regarding law-enforcement inaction in part. The Court will also grant in part Defendant's Motion *in Limine* regarding signage and will deny his other Motions. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: August 14, 2023