**Non-Standard Jury Instructions Offered by The Government:**

## COUNT ONE

## OBSTRUCTION OF AN OFFICIAL PROCEEDING[1]

### (18 U.S.C. § 1512(c)(2))

Count One of the Indictment charges the defendant with corruptly obstructing or impeding an official proceeding, which is a violation of federal law.

Count One also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant attempted the offense, and whether the defendant aided and abetted the offense.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

---

[1] 18 U.S.C. § 1512(c)(2). For other January 6 trials that have used similar instructions to these, see *, e.g.*, *United States v. Stedman*, 21-cr-383 (BAH) (ECF No. 69 at 5-8); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 8); *United States v. Sara Carpenter*, 21-cr-305-JEB (ECF No. 97 at 10); *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF No. 86 at 11-12); *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7); *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM) (ECF No. 84 at 24); and *United States v. Bledsoe*, No. 21-cr-204 (BAH) (ECF No. 215 at 7).

<u>Definitions</u>

To "obstruct" or "impede" means to block, interfere with, or slow the progress of an official proceeding.

The term "official proceeding" includes a proceeding before Congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. For purposes of this count, the term "official proceeding" means Congress' Joint Session to certify the Electoral College vote.[2]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[3]

To act "corruptly," the defendant must use independently unlawful means or act with an

---

[2] In *United States v. Fischer*, 64 F.4th 329, 342 (D.C. Cir. 2023), the D.C. Circuit held "that congressional certification of the Electoral College count is an 'official proceeding'" for purposes of § 1512(c)(2). *See also* 18 U.S.C. § 1515(a)(1)(B) (defining "official proceeding" to include "a proceeding before the Congress"); § 1512(f)(1) ("For the purposes of this section— (1) an official proceeding need not be pending or about to be instituted at the time of the offense").  For the nexus requirement (that the official proceeding need be reasonably foreseeable), see *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995).  For other January 6 trials that have used this instruction, see*, e.g.*, *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25-26), *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF No. 86 at 12), *United States v. Thompson*, No. 21-cr-161 (RBW) (ECF No. 832 at 26), *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7); and *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 23).

[3] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, No. 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 9) (same).

unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.  For example, a witness in a court proceeding may refuse to testify by invoking his or her constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but that person does not act corruptly. [In addition, the First Amendment to the United States Constitution affords people the right to speak, assemble, and petition the Government for grievances. Accordingly, an individual who does no more than lawfully exercise those rights does not act corruptly.] In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.[4] Often, acting corruptly involves acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person.[5]

---

[4] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North*, 910 F.2d 843, 883 (D.C. Cir. 1990), *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Caldwell*, 581 F. Supp. 3d 1, 19-20 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 26 (D.D.C. 2021); *United States v. Montgomery*, 578 F. Supp. 3d 54, 82 (D.D.C. 2021); *United States v. Lonich*, 23 F.4th 881, 902-03 (9th Cir. 2022).  For other January 6 trials that have used similar instructions, see*, e.g.*, *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7), and *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25-29); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10).

[5] This last line, which incorporates aspects of the lead and concurring opinions in *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *id.* at 352 (Walker, J., concurring), was provided in *United States v. Nordean, et al*, 21-cr-175 (TJK) (ECF No. 767 at 31-32), *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10), and *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 24).

While the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose. A defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for his conduct.[6]

---

[6] *United States v. Carpenter*, No. 21-cr-305 (JEB) (ECF No. 97 at 11); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10).

## **ATTEMPT**[7]

In Count One, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding.  An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an

---

[7] Redbook 7.101; The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit § 4.09; Third Circuit Pattern Jury Instructions 7.01.

official proceeding. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

## **AIDING AND ABETTING**[8]

In this case, the government further alleges that the defendant committed obstruction of an official proceeding, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count One.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.   A person who has aided and abetted another person in committing an offense is often called an accomplice.   The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified.   It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of

---

[8] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02.

aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstruction of an official proceeding as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in

the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offense charged in Count One if the defendant obstructed of an official proceeding, attempted to obstruct an official proceeding, or aided and abetted obstruction of an official proceeding.  Each of these three ways of committing the offense is described in the instructions that I have given you.  If you find beyond a reasonable doubt that the defendant committed the offense of obstruction of an official proceeding in any one of these three ways, you should find the defendant guilty of Count One, and you need not consider whether the defendant committed the offense of obstruction of an official proceeding in the other two ways.

## COUNT TWO

## ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS[9]

### (18 U.S.C. § 1752(a)(1))

Count Two of the Indictment charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count One.

---

[9] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021). For a January 6 case using this instruction, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6).

## COUNT THREE

## DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS[10]

### (18 U.S.C. § 1752(a)(2))

Count Three of the Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Definitions

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.[11] Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is

---

[10] 18 U.S.C. § 1752. For a January 6 case using this instruction, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7).

[11] *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

42

likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[12]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[13]

The term "restricted building or grounds" has the same meaning as described in the instruction for Count Two.

The term "knowingly" has the same meaning as described in the instruction for Count One.

---

[12] *United States v. Schwartz, et al,*, No. 21-cr-178 (APM) (ECF No. 172 at 27).
[13] Redbook 6.643.