UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RYAN SCOTT ZINK,<br><br>Defendant. | Criminal Action No. 21-191 (JEB) |

**MEMORANDUM OPINION**

Defendant Ryan Scott Zink was a member of the crowd that stormed the U.S. Capitol on January 6, 2021. He is charged with multiple criminal counts related to such conduct. With trial arriving next week, Zink has filed a Motion to Dismiss and a related Motion for Continuance. He has also filed a Motion *in Limine* to preclude certain evidence. The Court will largely deny these Motions.

**I.  Background**

Zink has been indicted on four counts: Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count I); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count II); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count III); and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count IV). See ECF No. 6 (Indictment). The Government voluntarily dismissed the last count earlier this week. See ECF No. 76 (MTD as to Count IV); Minute Order of Aug. 28, 2023. Defendant now moves to dismiss the remaining charges and, alternatively, asks this Court to postpone his

1

upcoming trial.  See ECF Nos. 69 (Def. MTD), 70 (Continuance Mot).  He also moves to prevent the Government from putting on certain testimony at trial.  See ECF No. 71 (Hearsay Motion).

**II.     Legal Standard**

    A.  Motion to Dismiss an Indictment

A defendant may move prior to trial to dismiss an indictment (or specific counts) on the basis that there has been "suppression of evidence" or defects in the process of "discovery under Rule 16."  Fed. R. Crim P. 12(b)(3)(C), (E).  "Because a court's use of its supervisory power to dismiss an indictment . . . directly encroaches upon the fundamental role of the grand jury, dismissal is granted only in unusual circumstances."  United States v. Fischer, 64 F.4th 329, 334–335 (D.C. Cir. 2023) (internal quotation marks and citation omitted).

Where dismissal is sought on the ground that the prosecution has lost or destroyed evidence, the defendant must show either that "the missing evidence is material and exculpatory" or that the Government acted in "bad faith" when it failed to preserve such evidence.  United States v. Vega, 826 F.3d 514, 533 (D.C. Cir. 2016) (citing Arizona v. Youngblood, 488 U.S. 51, 57–58 (1988)).  Missing evidence is material and exculpatory only if "its absence actually prejudiced the defendant's ability to mount a defense."  United States v. Dean, 55 F.3d 640, 662 (D.C. Cir. 1995).  Bad faith, in turn, hinges on whether the prosecution "by [its] conduct indicate[s] that the evidence could form a basis for exonerating the defendant."  Youngblood, 488 U.S. at 58.

    B.  Motion for Continuance

"The ultimate question" in evaluating a motion for continuance is "whether a continuance is 'reasonably necessary for a just determination of the cause.'"  United States v. Ashton, 555 F.3d 1015, 1020 (D.C. Cir. 2009) (quoting Neufield v. United States, 118 F.2d 375, 380 (D.C.

Cir. 1941)).  "In evaluating a . . . request for a continuance" based on the need to obtain further evidence, "trial judges must balance the right of an accused to have compulsory service for obtaining witnesses in his favor with the government's interest in seeing guilt or innocence promptly adjudicated."  Id. at 1019–20.  Due to the nature of the inquiry, trial judges "enjoy[] great discretion in ruling on a motion for a continuance."  United States v. Gantt, 140 F.3d 249, 256 (D.C. Cir. 1998) (citation omitted).  Among the factors a trial court should consider are the movant's "diligence in attempting to secure the evidence before trial" and "the likelihood the evidence will be favorable and relevant" to the movant's case.  Ashton, 555 F.3d at 1020.

    C.  Motions *in Limine*

"[M]otions *in limine* are a means for arguing why 'evidence should or should not, for evidentiary reasons, be introduced at trial.'"  Graves v. District of Columbia, 850 F. Supp. 2d 6, 11 (D.D.C. 2011) (emphasis omitted) (quoting Williams v. Johnson, 747 F. Supp. 2d 10, 18 (D.D.C. 2010)).  They "are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'"  Id. at 10 (quoting Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990)).  The court has "broad discretion in rendering evidentiary rulings, . . . which extends . . . to the threshold question of whether a motion *in limine* presents an evidentiary issue that is appropriate for ruling in advance of trial."  Barnes v. District of Columbia, 924 F. Supp. 2d 74, 79 (D.D.C. 2013) (citation omitted).

Although state and federal rulemakers have the prerogative to fashion standards for the inclusion of evidence at trial, the Constitution guarantees to criminal defendants the right to a "meaningful opportunity to present a complete defense."  Holmes v. South Carolina, 547 U.S. 319, 324 (2006) (quoting Crane v. Kentucky, 476 U.S. 683, 690 (1986)).  This limits courts' ability to impose "arbitrary" rules of evidence, including those that exclude "important defense

evidence" without serving "any legitimate interests," or are otherwise "disproportionate to the purposes they are designed to serve." Id. at 324–25 (internal quotation marks omitted). At the same time, it falls within a court's discretion to exclude evidence that is not relevant or whose probative value is outweighed by prejudicial factors. Id. at 326; see also id. at 330 (noting that evidentiary rules seek to "focus the trial on the central issues by excluding evidence that has only a very weak logical connection to the central issues").

**III.   Analysis**

    A.   Motions to Dismiss or Continue Trial

Zink first argues that the counts brought against him should be dismissed because of the Government's "criminal destruction of evidence, obstruction of justice, and spoilation [*sic*] of evidence." Def. MTD at 1. He believes that this strong medicine, which is normally "granted only in unusual circumstances," United States v. Ballestas, 795 F.3d 138, 148 (D.C. Cir. 2015), is warranted here because the Congressional Committee charged with investigating the events of January 6 either lost or destroyed evidence such as video recordings of witness interviews. See Def. MTD at 2, 6–9. He also contends that the Secret Service destroyed "key information" when it erased text messages from January 5 and 6, 2021, as part of a device-replacement program. Id. at 12–13. At the very least, Zink believes that these concerns warrant a postponement of the start of his trial. See Continuance Mot. at 1.

The Court is unconvinced. For one, the Government "has no obligation under Brady[ v. Maryland, 373 U.S. 83 (1963),] to disclose information in the possession of Congress that is not also in the possession of the DOJ." United States v. Trie, 21 F. Supp. 2d 7, 25 n.17 (D.D.C. 1998); United States v. Nordean, 2022 WL 2292062, at *2 n.4 (D.D.C. June 24, 2022) ("[T]he Government need not — indeed, cannot — produce information or materials in the possession of

4

Congress but not in the possession of the Department of Justice.") (cleaned up). And the same is true under Federal Rule of Criminal Procedure 16, which delineates the Government's discovery obligations here. See United States v. Safavian, 233 F.R.D. 12, 14 (D.D.C. 2005) ("Congress is a separate branch of the government and was not intended by the Rules writers to be included within Rule 16."). Congress exists as an altogether separate branch of government, not an agency within the Executive Branch. Trie, 21 F. Supp. 2d at 25 n.17; United States v. Libby, 429 F. Supp. 2d 1, 7 (D.D.C. 2006) ("[I]t is settled that the government generally need not produce documents that are in the possession, custody, or control of a separate branch of government such as Congress."). Since most of the purportedly lost evidence that Zink complains of was never possessed by any entity other than Congress, the Government has no duty, constitutional or otherwise, to produce it.

Zink's Motion, moreover, is based entirely on one news article reporting a dispute between two Congressmen over whether the relevant Congressional Committee preserved the material it had obtained in accordance with House rules. See Def. MTD at 2–3. This is too thin a reed to support Zink's conclusion that the Committee lost or destroyed any evidence. More important, neither this article nor anything else in his Motion shows that Congress even had, much less lost or destroyed, evidence that pertained to Zink's case in particular. His Motion accordingly fails for the additional reason that it lacks a factual basis.

Even if Zink was right that the Committee did lose or destroy evidence specific to him, he never explains why any such evidence must be disclosed pursuant to Brady. To merit dismissal for a Brady violation, Zink has to establish that the missing evidence was "both material and favorable to his defense, in ways not merely cumulative" of the evidence available to him. United States v. Valenzuela-Bernal, 458 U.S. 858, 873 (1982). As the Government

notes, the Committee did not set out to "investigate the role of Mr. Zink," but the broader events of January 6. See ECF No. 78 (Gov't Reply to MTD) at 10. Unsurprisingly, Zink is unable to point to any one piece of evidence the absence of which "actually prejudice[s] the defendant's ability to mount a defense." United States v. Verrusio, 762 F.3d 1, 24 (D.C. Cir. 2014) (citation omitted).

Given the nature of Zink's allegations, perhaps he "cannot be expected to render a detailed description of" the missing evidence. Valenzuela-Bernal, 458 U.S. at 873. But he still has the burden of showing "a reasonable likelihood" that the missing evidence would affect the outcome of his case. Id. at 874. Zink could, for instance, provide an educated guess as to the content of the missing testimony and explain how that would have been relevant to an element of a charged offense or an affirmative defense he plans to raise. Cf. Dean, 55 F.3d at 662 (Defendant pursuing this strategy). Instead, he baldly asserts that "the vast majority of these witnesses would be exculpatory and probative" and "would likely debunk" the Committee's "partisan narrative." Def. MTD at 10. He further speculates that the Committee "[o]bviously" destroyed only evidence that would have been helpful to Zink. Id. What the witnesses may have testified to, and whether any of their testimony is actually material to Zink's case, remains a mystery. Finally, the Committee's "narrative" is not the issue in this case, which instead concerns whether the Government can prove its charges beyond a reasonable doubt.

Zink's remaining argument as to the missing Secret Service text messages fares no better. He is likely right that obtaining material from the Secret Service, unlike Congress, falls within the Government's obligations under Brady and Rule 16. See United States v. Sheppard, No. 21-203, 2022 WL 17978837, at *10–11 (D.D.C. Dec. 28, 2022) (reaching this conclusion in January 6 prosecution). As in Sheppard, however, "[t]here is nothing obviously relevant about the . . .

messages — whatever they may be — to [Defendant's] knowledge of the restricted area, his disorderly conduct, or any other elements of the crimes charged." Id. at *13. Nor has Zink attempted to show otherwise.

Based on what Zink has proffered, the Court can only conclude that the purportedly missing evidence he points to bears at best "some abstract relationship to the issues" here. Libby, 429 F. Supp. 2d at 7 (citation omitted). It will accordingly deny his Motion to Dismiss. And since his Motion to Continue Trial shares the same factual and legal bases, the Court will deny this Motion, too.

### B. Motion *in Limine*

Defendant next moves to prevent the Government from using FBI case agents "as end runs around the rules against hearsay." Hearsay Mot. at 2. To the extent that he is merely asking the Court to apply the Federal Rules of Evidence, the Court agrees and will grant the Motion in that part. Id. at 2 ("Defendant merely asserts the Federal Rules of Evidence."). But it will not grant Zink's broader request to exclude undefined case-agent testimony because he once again neglects to offer any specific arguments about the testimony in this case, as opposed to previous January 6 cases. See id. at 3–4 (discussing purported hearsay violations in other January 6 prosecutions). If the Government introduces testimony at trial that Zink believes to be inadmissible hearsay, he can always object. Because it has no way of knowing what evidence he wishes to exclude at this point, however, the Court will otherwise deny his Motion.

## IV.     Conclusion

The Court, accordingly, will deny Zink's Motions to Dismiss and Continue Trial and will grant in part and deny in part his Motion *in Limine*.  A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  September 1, 2023