UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| -v- | ) Criminal No. 1:21-cr-00191-JEB-1 |
| RYAN ZINK | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT ZINK'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MISTRIAL REGARDING THE GOVERNMENT'S FAILURE TO PROVIDE REQUESTED DISCOVERY DESPITE REPEATED REQUESTS**

The purpose of this Memorandum is to supplement Zink's oral motion for mistrial made in open court following the lunch break on September 11, 2023. Zink hereby shows the many efforts the defense has made to request and demand all discovery in this case, and the government's bad faith and treachery in failing to provide Zink's defense attorneys with relevant, material, and plainly exculpatory evidence, in flagrant violation of Rule 16, the Court's orders, *Brady v. Maryland*, and the *Jenks* Act and its progeny.

The John Pierce Law (JPL) Firm entered its appearance for Ryan Zink in February 2023.

On Feb. 14, 2023, JPL sent the attached transfer letter to Zink's prior attorneys (Cynthia Orr & Gerry Goldstein, San Antonio, TX). JPL asked that Orr

& Goldstein "immediately coordinate with Ms. Lambert to transfer Mr. Zink's entire file to us, including all discovery you have received from the government."

Orr & Goldstein responded that the Court's protective order prevented such transfer of discovery without approval from the government. On April 25, 2023, Goldstein & Orr sent a letter to JPL saying Zink "called our office yesterday, April 24th, 2023, requesting that our office provide the discovery received from the government in his case." "However, as mentioned in our previous correspondence, these materials were provided to us under a protective order that required our signature."

On April 23, 2023, JPL Paralegal Jonathan Moseley sent an email to AUSA Francesco Valentini saying "we thought that trying to get discovery your office produced to Ryan's previous attorneys have sort of run out of expectations that they are going to have a copy for Ryan to take over with his new lawyers. So we thought of asking you about the suggestion of us delivering a high capacity external hard drive like 2 to 5 terabytes."

Two days later, Moseley followed up with an additional email to Valentini saying Moseley was on a call "yesterday when [Ryan Zink] made another attempt to obtain this discovery from them [The Orr firm]. Valentini responded by saying the JPL firm should "Please coordinate directly with your predecessor counsel—

Ms. Orr and Mr. Goldstein, both cc'ed here—on having the case-specific discovery produced in this case transferred to your firm."

On April 26th, 2023 Mr. Goldstein emailed Mr. Valentini, asking if Dropbox was secure enough to transfer the discovery in this case to Mr. Zink's new attorneys. There was zero mention of a hard drive that included pictures from Mr. Zink's camera, and for obvious reasons, a Dropbox link would have been inadequate to transfer a physical hard drive to JPL.

On June 16, 2023, Emily Lambert of JPL sent an email to AUSA Francesco Valentini with the subject line, "RE: Discovery for Ryan Scott Zink. The email said, "Mr. Valentini, We have still not received any discovery from prior counsel for this case. Could you please provide me the case specific discovery for Mr. Zink on a drive and mail it to me at . . ."

On July 18, 2023, Emily Lambert sent an email to both prior counsel Orr and AUSA Valentini—and copying AUSA Holly Grosshans and Cari Walsh— saying "I don't believe I have received the Case Specific discovery as of yet. Please resend, via box, or dropbox, or I could even accept a mailed hard drive. Thank you."

JPL informed the prosecutors in this case repeatedly regarding JPL's difficulties retrieving the discovery from Orr & Goldstein.  JPL repeatedly and

explicitly asked for all the discovery in this case, and specifically requested that all discovery be provided to JPL on a flash drive.

Mr. Zink informed his new legal team that he had been <u>unable</u> to view discovery because the prior law firm believed that Ryan Zink could not view the discovery unsupervised due to the protective order in place. Zink lived in Lubbock but Orr and Gerstein were in San Antonio.  So Zink had not had significant time to go over the discovery in his case with prior counsel.

Ultimately, Mr. Zink and JPL prepared for Zink's upcoming trial by reviewing dozens of proposed exhibits located in the government's dropbox.

The dropbox contained 24 pictures from the Canon camera seized upon his arrest. Trial began on September 5; the government presented its case in chief and rested by the end of Wednesday, September 6.

The defense's third witness, Stephanie Zink, testified that Ryan had gone to D.C. on January 6 to take pictures for his father's political campaign.  On cross-examination, prosecutors mocked and discredited Stephanie Zink, asking her why the Zink campaign hadn't used any of Ryan's Canon camera pictures on Jeff Zink's political website.  Stephanie Zink, the campaign director, replied that the campaign hadn't uploaded the pictures because the government had seized the camera and its pictures.

Note that Ryan was arrested—and the Canon camera seized—on Feb. 8, 2021—*just four weeks after January 6*. Two and one-half years later, the government provided some 24 pictures from the camera to the defense in discovery. And defense counsel, for obvious reasons, was under the impression that the 24 pictures constituted the entirety of the camera photos.

At around 10 pm on Sunday night, Sept. 12—after a three-day break in the trial and after defense counsel had gone to bed the night before restart of trial—the government emailed a set of exhibits it intended to use on cross-examination of Ryan Zink the following morning. Among these pictures were new pictures which the defense had never seen before—taken from the Canon camera. At least one photo was a picture of cops at the barricade line to the left of Zink on January 6 which partially rebutted and discredited Zink's trial testimony.

(Note that Zink's trial strategy and defense would have been different had the government timely disclosed these pictures. In fact, Zink may have decided not to take the witness stand at all.)

So it was that Zink's counsel Roots sent an email to prosecutors at 8:40 a.m. on Monday morning prior to trial, Sept. 11. "We will be objecting to several of these newly provided exhibits. . . . Additionally, we have not been provided with all of Ryan's photos from the Canon camera in DOJ's possession."

**Hundreds of images which are obviously exculpatory have been withheld. The government continues to withhold this evidence even at this hour.**

Upon further review with Mr. Zink himself, defense counsel now realizes that <u>many hundreds</u> of photographs and videos taken by Zink on January 6 have been improperly withheld by the prosecution. The number of withheld video and image files may total *more than a thousand*. This constitutes <u>by far the bulk of the evidence in this case</u>. And the defense still hasn't seen it.

And although we don't know what we don't know, it is plain that at least some of these images are exculpatory. For example, we now believe that dozens or hundreds of the illegally-withheld images are campaign-oriented headshots and depictions of Jeff Zink. This supports the essence of Ryan Zink's defense; that Ryan went to D.C. on Jan. 6 for purposes of supporting his father's congressional campaign and to gather campaign images of his father. Thus, the government cut the very heart out of Ryan Zink's defense when it misled defense counsel and withheld this evidence.

Indeed, the prosecution has mocked and belittled Zink's campaign-photographer defense, in its cross-examinations of Stephanie Zink, Jeff Zink, and Ryan Zink. The government has misled the jury with examination questions designed to disparage, denigrate, insult and deprecate Zink's defense—while

knowingly possessing and withholding evidence which would have supported Zink's defense.

The unfairness of the proceedings cannot be overstated.

Dated: September 13, 2023                Respectfully Submitted,

<div style="margin-left: 3em;">

/s/ *John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Email: jpierce@johnpiercelaw.com
*Attorney for Defendant*

</div>

CERTIFICATE OF SERVICE

I hereby certify that on 9/13/2023 I uploaded this document to the Court's electronic filing system, thereby serving all parties.

*/s/ John Pierce*