IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT
OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>RYAN ZINK<br><br>                    Defendants. | Criminal No.: **1: 21-cr-00191-JEB-1**<br><br>**DEFENDANTS SUPPLEMENTAL POST TRIAL MOTION TO VACATE, SET ASIDE, AND DISMISS COUNT ONE** |

**DEFENDANT ZINK'S SUPPLEMENTAL POST TRIAL MOTION TO VACATE, SET ASIDE, AND DISMISS COUNT ONE BASED ON A RECENT CHANGE IN THE LAW**

The DC Circuit's recent *Robertson* decision (October 20) suggests that "independent felonious means" is required to sustain a conviction for Obstructing an Official Proceeding under 18 U.S.C. § 1512(c)(2).

Defendant Ryan Zink ("Defendant" or "Zink"), through undersigned counsel, John M. Pierce, presents this supplemental posttrial motion for acquittal and dismissal of Count 1, based on a recent decision of the DC Circuit.

A SECTION 1512(C)(2) CHARGE REQUIRES PROOF OF SUPPORTING INDEPENDENT FELONIOUS CONDUCT

Zink's § 1512 conviction is a self-standing proposition, unsupported by independent felonious means. Zink's conviction for "obstruction of an official proceeding" was based on mere misdemeanor-level conduct outside the Capitol (entering and remaining in a restricted area; and disorderly conduct in a restricted area).

The DC Circuit's recent decision in *United States v. Robertson* (2023), No. 22-3062 (Oct. 20, 2023), addressed—but did not resolve—the question of how much actual, independent

1

conduct is necessary for someone to be convicted of "corruptly obstructing an official proceeding." The facts of *Robertson*, however, involved independent felonious conduct:

> Applying the "corruptly" element of the statute in this case is "rather simple" because Robertson took action to obstruct Congress by force. Cf. North, 910 F.2d at 940 (Silberman, J., concurring in part and dissenting in part) (interpreting 18 U.S.C. § 1505). Using force to obstruct, influence, or impede a congressional proceeding is plainly wrongful and therefore corrupt. Thus, this case does not present a close question of culpability. Robertson did not argue, for example, that he was a mere protestor exercising his First Amendment right to peacefully disagree with the outcome of the presidential election. The evidence established that Robertson was part of a mob that sought to overturn the result of the election by force, and that he used a dangerous weapon to impede the Electoral College vote certification. Where a defendant acts feloniously to obstruct a proceeding before the Congress, with no evidence or argument that he was merely engaged in peaceful expression, his culpability — i.e., the "corruptness" of his actions — is not difficult to discern.
>
> We emphasize that Robertson's independently wrongful conduct was felonious because his resort to felonious means unquestionably suffices to establish his culpability. Whether § 1512(c)(2) applies to defendants who obstruct Congress by means of only "minor advocacy, lobbying, and protest offenses," Fischer, 64 F.4th at 380 (Katsas, J., dissenting), or by "non-criminal tortious activity," Opening Br. 15, is beyond the scope of our "limited" review and should be decided in a case that requires resolution of that question. See Musacchio, 577 U.S. at 243, 136 S.Ct. 709. Here, we have no trouble rejecting Robertson's specific claim that the evidence was insufficient to support a finding that he acted "corruptly" when he participated in the Capitol riot. A jury could find that he used independently felonious means to obstruct a congressional proceeding, which falls within the core meaning of "corruptly." See Poindexter, 951 F.2d at 385.[7]

*Robertson* (October 20, 2023), at p. 4 (p. 10 Westlaw).

In Zink's case, unlike Robertson's case, there existed no independent felonious means. Zink submits that the underlying "means" committed by Zink on Jan. 6 (walking, speaking, yelling, filming—outside the Capitol building, on areas of the Capitol that are traditional forum for political protest—cannot constitute sufficient independent means to sustain Zink's obstruction conviction.

Accordingly, Zink's conviction for obstructing an official proceeding must be vacated and set aside.

ZINK'S OBSTRUCTION CONVICTION IS UNCONSTITUTIONALLY VAGUE.

The applicability of Section 1512(c)(2) to the January 6 demonstrations has now been addressed by the DC Circuit in at least two major appeals. Together these appeals have produced at least five materially differing opions. Zink submits that if these learned appellate judges cannot agree on whether and how Section 1512 applies to January 6 protests/riots/demonstrations, then the statute is plainly void for vagueness. The rule of lenity tips the scales in Zink's favor. The rule of lenity instructs courts that "ambiguities about the breadth of a criminal statute should be resolved in the defendant's favor." United States v. Davis, ⸺ U.S. ⸺, 139 S. Ct. 2319, 2333 (2019). Or, as the rule is often expressed, "when choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite." Dowling v. United States, 473 U.S. 207, 214, 105 S.Ct. 3127, 87 L.Ed.2d 152 (1985) (quoting Williams v. United States, 458 U.S. 279, 290, 102 S.Ct. 3088, 73 L.Ed.2d 767 (1982)). The Supreme Court has frequently applied the rule of lenity in obstruction-of-justice cases. See, e.g., Yates, 574 U.S. at 547–48, 135 S.Ct. 1074 (plurality opinion); Arthur Andersen, 544 U.S. at 703–04, 125 S.Ct. 2129; Aguilar, 515 U.S. at 600, 115 S.Ct. 2357; see also Fischer, 64 F.4th 382 (Katsas, J., dissenting) ("In the specific context of obstruction of justice, the Supreme Court repeatedly has emphasized the need for caution.").

ACCORDINGLY, Zink's conviction under Section 1512(c) should be vacated and set aside.

Dated: November 29, 2023                                                          Respectfully Submitted,

                                                                                  */s/ John M. Pierce*
                                                                                  John M. Pierce
                                                                                  21550 Oxnard Street
                                                                                  3rd Floor, PMB #172
                                                                                  Woodland Hills, CA 91367
                                                                                  Tel: (213) 400-0725
                                                                                  Email: jpierce@johnpiercelaw.com

5

## CERTIFICATE OF SERVICE

I, John M. Pierce, hereby certify that on this day, November 29, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ John M. Pierce
John M. Pierce