UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

*Plaintiff,*

UNITED STATES OF AMERICA



v.                                                     Case No. 1:21-CR-191(JEB)



RYAN SCOTT ZINK,

*Defendant*.

---

**DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING U.S. SUPREME COURT DECISION IN *UNITED STATES V. FISCHER,* 64 F.4TH 329 (D.C. CIR. 2023).**

Defendant Ryan Scott Zink ("Zink") hereby move this Court for an order staying further proceedings in this action pending the resolution of the United States Supreme Court of *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023). On December 13, 2023, the United States Supreme Court granted *certiorari* in *Fisher*, a case that is anticipated to provide guidance on legal issues that have been presented in this case, and which are fundamental to the Defendant's sentencing.  Therefore, a stay of action will serve the orderly administration of justice. The Defendant will suffer substantial hardship if he is required to serve prison time in this case when the Supreme Court is currently reviewing the very issues faced by Zink, in *Fischer*. Indeed, the time and resources that will be expended in addressing defendant's direct appeal, and underlying merits of the case undoubtedly will impose a heavy burden on the defendant and the Court. In contrast, the State will not be harmed by a relatively brief stay while the Supreme Court considers *Fischer*.

**Background.**

Zink was convicted after a two-week jury trial of three misdemeanors, plus felony obstruction of an official proceeding in violation of 18 U.S.C. Section 1512(c)(2).  Zink's

sentencing is scheduled for January 4, 2024.  The applicability of Section 1512(c)(2) is directly material and relevant to Zink's facts, as Zink neither witnessed nor encountered the proceeding he allegedly obstructed.  Zink never even went inside the Capitol.

Moreover, the 1512 conviction prevails and dominates all sentencing exposure in this case. Zink faces a maximum penalty of one year in jail *without the 1512 conviction*; but a maximum of twenty years in prison with the 1512 conviction.

**The *Fischer* appeal.**

Last week, the Supreme Court granted certiorari in *United States v. Fischer*, a companion set of three consolidated January 6 cases involving the applicability of 18 U.S.C. Section 1512(c)(2)—the identical statute faced by Zink—to the events of January 6.  While the scope and scale of the Supreme Court's review in *Fischer* is potentially wide-ranging, the Supreme Court will almost certainly lay down rules regarding whether the statute applies to the volatile protests and demonstrations of January 6, 2021.

In short, the Supreme Court's ruling in *Fischer* will almost certainly impact Zink's case; and if the Supreme Court invalidates the applicability of Section 1512 to Jan. 6, Zink's conviction will be overturned.  And if Zink is imprisoned while awaiting this ruling, an injustice of profound importance will occur.

I.   **ZINK'S SENTENCING SHOULD BE STAYED BASE ON RULE OF LENITY**

This Court should take notice of the recent Supreme Court case in *Bittner v United States,* 598 U.S. 85 (2023) concerning alternative potential readings of a statute. The question in *Bittner* was does the Bank Secrecy Act (BSA) penalty provision for non-willful violations accrue on a per-report or a per-account basis. *Id.* The Court stated;

> "To the extent doubt persists at this point about the best reading of the BSA, a venerable principle supplies a way to resolve it. Under the rule of lenity, this Court has long held, statutes imposing penalties are to be 'construed strictly' against the government and in favor of individuals. *Id.* at 101 (citing *Commissioner v. Acker,* 361 U. S. 87, 91 (1959)).

*Bittner* refuted any distinction by statute: ".... as Acker acknowledged, '[t]he law is settled that penal statutes are to be construed strictly,' and an individual 'is not to be subjected to a penalty unless the words of the statute plainly impose it.' *Id.* at 102 (citation omitted).

Further, the Court in *Bittner* cited to Constitutional underpinnings: "….the rule exists in part to protect the Due Process Clause's promise that 'a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed.'" *Id.* at 102 (citing *McBoyle v. United States,* 283 U.S. 25, 27 (1931)).

The *Bittner* Court relies on fundamental Constitutional principles that apply where there is "doubt" or even where a statute does not "plainly impose it." *Id.* (citations omitted).

*Bittner* must supersede, in critical respect, the prior Supreme Court case of which various courts have cited to for the proposition that the rule of lenity only applies in cases of "grievous ambiguity or uncertainty".  *Bittner* makes clear the Supreme Court does not now follow the "grievous ambiguity or uncertainty" standard from the 2010 case of *Barber v. Thomas*, 560 U.S. 474 (2010). Instead, the Court is relying on fundamental Constitutional principles that apply where there is "doubt" or even where a statute does not "plainly impose it."

Ultimately, as Justice Ginsburg held in *Yates*, when there is any doubt to the meaning of a term in a statute, "[the court] would invoke the rule that 'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.'" *Yates v. United States,* 574 U.S. 528, 547-5487 (2015) (citing *Cleveland v. United States,* 531 U.S. 12, 25 (2000)). The situation in *Yates* is synonymous to the difficulty the Court has in the present matter to define "official proceeding." 18 U.S.C. §1515(a)(1) defines official proceeding in part as "a proceeding before the Congress." Proceeding "refers to all methods of invoking the action of a court; any procedural means of seeking redress from a tribunal or agency; a step in a larger action; the regular progression of a lawsuit; a legal action."[1] The counting of Electoral College votes does not fit this definition. There was no court, or legal action occurring. Further, there was no lawsuit, no judge nor jury. For these reasons, the language of "official proceeding" within 18 U.S.C. §1512 is clearly ambiguous and requires the court to apply the rule of lenity.

II.    **STANDARD FOR ISSUING A STAY**

It is well established that a district court has discretionary power to stay proceedings before it. *Landis v. North America Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the

---

[1] Proceeding, *Legal Information Institute*,
https://www.law.cornell.edu/wex/proceeding#:~:text=%E2%80%9CProceeding%E2%80%9D%20refers%20to%20all%20methods,by%20the%20Wex%20Definitions%20Team%5D (August, 2021).

causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")
The part seeking a stay of judicial proceedings bears the burden of "mak[ing] out a clear case of
hardship or inequity in being required to go forward, if there is even a fair possibility that the
stay for which he prays will work damage to some one else." *Id.* at 255.

III.   **LEGAL ISSUES THAT DEFENDANT PLANS TO ARGUE FURTHER WHICH
       ARE SIMILAR TO THOSE BEING RESOLVED IN *FISCHER***

   A.  **LEGISLATIVE INTENT BEHIND 18 U.S.C. §1512(C)(2)**

        The Congressional Record makes clear to us that 18 U.S.C. 1512 is not applicable in this
case, as well as other January 6th cases.

        Title 18 had been amended in 2008, to protect "judges, prosecutors, witnesses, victims,
and their family members." 18 U.S.C. §1512.

        The most recent legislative proceedings on the code increased the maximum penalties for
"killing or attempting to kill a witness, victim or informant to obstruct justice." 18 U.S.C. §1512.

        Section 1512, as amended, "should be read in conjunction with the new Section 1519,
which criminalizes certain acts intended to impede, obstruct or influence 'any matter'."
*Tampering with a record or otherwise impeding an official proceeding*., WGL-SOACT ¶ 1102.
Several senators have remarked that the overlap between section 1512 and 1519 are plentiful.
See 148 Cong. Rec. at 12512 (remarks of Sen. Lott); id., at 12513 (remarks of Sen. Biden); id., at
12517 (remarks of Sens. Hatch and Gramm).

        Taking these two sections together and looking at the act's most recent history, it is clear
that the legislative intent behind section1512 is to prevent foul play throughout trials, not the
certification of Electoral College votes. §1512(c)(2) was designed to ensure that trials are
conducted fairly. Specifically, and as the Act's title reiterates, the goal is to have *witnesses* and
key personnel present in trials. To do this, the act seeks to prevent individuals from making
witnesses feel as though they cannot speak in court. (Emphasis added). The act attempts to block
foul play during a trial. Not before a complaint is filed or proceedings begin.

        As discussed further below, the election certification ballot count on January 6th included
no trial. There was no judge, jury, or examination of witnesses. There was no litigation between
private parties. Ultimately, there was no litigation at all.

**B. "ADMINISTRATION OF JUSTICE" IS A LIMITED PHRASE WHICH IS NOT ENCOMPASSED "OFFICIAL PROCEEDING" WITHIN 18 U.S.C. §1512(C)(2)**

Judicial interpretation can guide the court today, in finding that 18 U.S.C. §1512(c)(2) is not relevant to these proceedings. In *Yates v. United States*, Justice Kagan, in her dissent makes clear that 1512(c) applies only to official proceedings. *Yates v. United States*, 574 U.S. 528, 557 (2015). Justice Kagan defines "official proceeding" to include any "proceeding before a judge or court of the United States." *Id.* Justice Kagan definitively states that §1512(c) prohibits tampering with evidence in federal litigation between private parties. *Id.*

Other courts have emphasized that to be liable under 18 U.S.C. §1512, the actions of the individual must occur during an official proceeding. See *United States v. Burge*, 711 F.3d 803, 808 (7th Cir. 2013); *United States v. Reich*, 479 F.3d 179, 185-187 (2d Cir. 2007).

Furthermore, the court in *Reich* took it a step further and applied a "nexus requirement" to 18 U.S.C. §1512. *Id* at 185 – 186 (citing *United States v. Aguilar,* 515 U.S. 593 (1995)). To satisfy the nexus requirement, the defendant's conduct must "have a relationship in time, causation, or logic with the judicial proceedings." *Id*. (citing *Aguilar,* 515 U.S. at 599). Specifically, the *Reich* court held that under 18 USC §1512, it must be shown that the endeavor taken by the defendant "must have the natural and probable effect of interfering with the due administration of justice."

Some district courts have found that the incident of January 6 falls under the "administration of justice" language based on the congressional proceedings like the Electoral College certification, that was occurring and thus, applied 18 U.S.C. §1512 to those cases. See *United States v. Wright*, 2023 WL 2387816 (D.D.C. Mar. 4, 2023). Following this inconsistent logic, courts have found that the certification of Electoral College votes is an official proceeding which involves the administration of justice. *Id.*

However, this analysis is flawed, as correctly discussed in *Sandlin*, where the court stated that it "will not read an 'administration of justice' requirement into 'official proceeding.'" *United States v. Sandlin*, 575 F. Supp. 3d 16 (D.D.C. 2021). Supporting this judicial analysis, the court in *Seefried*, declined to enhance sentencing for a defendant charged with obstructing an official proceeding, despite the government's request to apply interfering with the administration of justice to his sentencing. *United States v. Seefried*, 639 F. Supp. 3d 8 (D.D.C. 2022). The court in *Seefried*, concluded that the administration of justice does not include congressional proceedings like the Electoral College certification. *Id.* As the court has plainly stated in *Montgomery,*

"Congress does not engage. . . in the administration of justice." *United States v. Montgomery*, 578 F. Supp. 3d 54 (D.D.C. 2021).

**C. THERE WAS NO OFFICIAL PROCEEDING OCCURRING WHEN THE ALLEGED OFFENSES OCCURRED**

Even if the court finds that an official proceeding was occurring that day, Zink could not have been a part of the obstruction. The senate and the House were called into recess at 2:20 p.m. EST.[2] There have been no allegations made by the government that Zink entered the capitol building before the recess occurred.

Black's Law Dictionary defines "obstruction" as "to block up; to interpose obstacles; to render impassable; to fill with barriers or impediments; as to obstruct a road or way."

While the senate and the House were in the process of certifying Electoral College votes, Zink was not in the Capitol building at any point in time.

**IV. CONCLUSION**

Good cause exists for a stay because in *Fischer*, the United States Supreme Court is currently reviewing legal issues that have been presented in Zink's case – where the intent behind §1512 was to apply to trials or to situations such as counting of Electoral College votes, whether the counting of Electoral College votes falls under the umbrella of an "official proceeding," and whether an official proceeding could be occurring if the senate and the House were on recess when the defendant's alleged actions occurred.

If a stay is not granted and this action proceeds while *Fischer* is pending, the parties will incur substantial unnecessary costs and Court rulings could be at odds with the law interpreted by the United States Supreme Court. Temporarily staying the case at this early stage while awaiting the Supreme Court's ruling in *Fischer* will benefit the parties, conserve the Court's resources, and promote the orderly course of justice. The Defendant respectfully requests that this action be stayed pending a decision by the Supreme Court in *Fischer*.

---

[2] https://www.cnn.com/2022/07/10/politics/jan-6-us-capitol-riot-timeline/index.html.

RESPECTFULLY SUBMITTED this 18th day of December, 2023.

Dated: December 18, 2023

Respectfully Submitted,

*/s/ Roger I. Roots*

Roger I. Roots

21550 Oxnard Street

3rd Floor, PMB #172

Woodland Hills, CA 91367

Tel: (775) 764-9347
Email: rroots@johnpiercelaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document is being filed on this December 19, 2023, with the Clerk of the Court by using the U.S. District Court for the District of Columbia's CM/ECF system. All attorneys of record will receive an electronic copy.


*/s/ Roger I. Roots*
Roger I. Roots