UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 1:21-cr-191 (JEB) |
| | : | |
| RYAN SCOTT ZINK, | : | |
| Defendant. | : | |
| | : | |
| | : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO STAY PROCEEDINGS

The United States of America respectfully opposes Defendant Ryan Scott Zink's Motion to Stay Proceedings (ECF No. 118), which is, in effect, a motion to stay his sentencing until at least mid-2024.[1] On December 13, 2023, the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. The Supreme Court will consider the interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the crimes for which the defendant Zink was convicted at trial. This development does not merit a stay of the sentencing hearing scheduled for January 4, 2024.

**I. Legal Standard**

When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776

---

[1] Although defendant estimates that it will be a "relatively brief stay," it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. Accordingly, the stoppage of all proceedings would be for upwards of six months.

(1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255.

## II. Argument

Zink's motion should be denied because the relevant factors weigh against his request. First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that Zink is likely to succeed on the merits of any challenge to his Section 1512(c)(2) conviction. At this time, a panel of the D.C. Circuit and every district court judge but one has agreed with the government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions …. The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g., Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question."). Moreover, one Circuit judge has explained how, even were the Supreme Court to reverse the Court of Appeals in *Fischer,* defendants who obstructed the certification would still be convicted. *See Brock v. United States*, No. 23-3045 (D.C. Cir. May 25, 2023) (per curiam) (Millet, J., concurring). Were every criminal case stayed while a potentially applicable issue was litigated on appeal in a separate case, the criminal justice system would grind to a halt.

2

*Fischer* and other cases challenging the application of 18 U.S.C. § 1512(c)(2) have been pending for some time, and such developments did not previously merit a broad stay. Nothing has changed by virtue of the Supreme Court's decision to grant *certiorari* in *Fischer*.

Additionally, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after the commission of the offenses of which Zink was convicted, and approximately nine months after the jury returned its guilty verdict in this case. Delaying the sentencing for another six months or more would undermine the interests of the public in the timely adjudication of a case of great significance.

A further lengthy delay of sentencing for Zink would also afford him an unfair advantage not granted to the people who have been convicted of violation Section 1512 in connection with the events of January 6. Many of whom were also convicted of obstruction of Congress and whose Sentencing Guidelines calculations and sentences were heavily influenced by the fact that they were convicted of that offense.

Defendant Zink will not suffer any irreparable injury by proceeding with sentencing as scheduled on January 4, 2024. Even if the Supreme Court were to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate Zink's conviction in this case. And even if it did, the appropriate venue for challenging such a sentence would be a post-sentencing appeal and not a motion to set aside the verdict. Indeed, Zink filed an untimely "Supplemental Motion to Vacate, Set Aside, and Dismiss Count I" pursuant to Federal Rule of Criminal Procedure 33. In that motion, he argued that Section 1512(c)(2) requires independent felonious conduct based on *United States v. Robertson*, 86 F.4th 355 (D.C. Cir. 2023). (See ECF No. 114). He did not include the arguments made in *Fischer* and the arguments

would now be untimely, as more than 14 days have passed since the verdict in this case, and changes in the law do not constitute newly discovered evidence for purposes of Rule 33(b)(1)'s three-year timing requirement. *See, e.g.*, *United States v. King*, 735 F.3d 1098, 1108-09 (9th Cir. 2013) ("As we held in *United States v. Shelton*, 459 F.2d 1005 (9th Cir. 1972), a change in the law does not constitute newly discovered evidence for purposes of Rule 33."); *United States v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003) ("Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence."); *United States v. Bailgey*, No. 92-3845, 1994 U.S. App. LEXIS 29946, at *4 (7th Cir. Oct. 24, 1994) ("A new legal theory does not qualify as newly discovered evidence under Rule 33. . . . We dismiss Bailey's claim as untimely because it does not qualify as newly discovered evidence and it was filed more than seven [now 14] days after his verdict."); *United States v. Blake*, No. 10 CR 349(RPP), 2011 WL 3463030, at *5 (S.D.N.Y. Aug. 5, 2011) ("New legal arguments are not considered newly discovered evidence under Rule 33. . . . Therefore, according to Rule 33, such claims must be brought within fourteen days after the verdict."). Defendant "stands in no different position than any other criminal defendant who loses a pretrial motion attacking an indictment on the ground that the underlying criminal statute is unconstitutional. The district court's order in such a case . . . would be fully reviewable on appeal should the defendant be convicted." *United States v. Cisneros*, 169 F.3d 763, 768-69 (D.C. Cir. 1999).

Moreover, obstruction of Congress was not Defendant Zink's only conviction. He will also be sentenced for misdemeanor violations under 18 U.S.C. § 1752 (a)(1) and (a)(2), which are outside the scope of the *Fischer* appeal. Assuming that the Court permits the defendant to self-report approximately 60-90 days after sentencing in January, and further assuming that the Court denies a motion for bail pending appeal, the defendant would have only served approximately 3-4

4

months of time before the Supreme Court's expected decision in mid to late June. Even if the Supreme Court issues an adverse ruling to the government's position, and Zink were only to be sentenced on the § 1752(a)(1) and (2) offenses, the government maintains that his guidelines range would be 10-16 months (based on offense level 12 and Criminal History Category I)[2]. Accordingly, it is unlikely that Zink would have served his full sentence on just the § 1752 convictions by mid-June. And if it does somehow happen that Zink serves his full sentence on the remaining counts of conviction before the Supreme Court resolves *Fischer*, Zink could move for release pending appeal at that point under 18 U.S.C. § 3143(b). *See, e.g., United States v. Donovan Crowl,* 21-cr-208 (APM) Dec. 20, 2023 Minute Order (denying motion to stay sentencing pending ruling in *Fischer* and noting that defendant also set to be sentenced for violation of 18 U.S.C. § 231(a)(3)).

Finally, any potential irreparable injury to Zink can be addressed via a motion for release pending appeal under 18 U.S.C. § 3143(b). Under that statute, a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

> (1)    "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and
> (2)    that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of

---

[2] Recent amendments to the Sentencing Guidelines for 2023 include a new guideline, U.S.S.G. § 4C1.1, which provides for a two-level decrease in the offense level for offenders who have no criminal history points and who meet certain additional criteria.

The Court should not apply § 4C1.1 here for the reason that the January 6 riot was a violent attack that threatened the lives of legislators and their staff, interrupted of the certification of the 2020 Electoral College vote count, did irrevocable harm to our nation's tradition of the peaceful transfer of power, caused more than $2.9 million in losses, and injured more than one hundred police officers.

imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B). A "substantial question" is one that is "a close question or one that very well could be decided the other way." *United States v. Peholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Although the government would likely oppose such a motion, the possibility for release pending appeal is another factor favoring denial of the defendant's motion. The Bail Reform Act – not a stay of the proceedings – is the proper mechanism under which to address any potential prejudice to Zink.

Zink also alleges that this present motion that a stay should be granted based on the "Rule of Lenity." However, Zink has already alleged this in his previous filing, *Supplemental Post Trial Motion to Vacate, Set Aside, and Dismiss Count One Based on a Recent Change in the Law,* which Zink filed based on the *Robertson* opinion. *See* ECF No. 114. The Government has addressed this issue in its response filed on December 13, 2023, and incorporates that response by reference as if fully set forth, here.. *See* ECF No. 117.

For all these reasons, the defendant's motion to stay sentencing for six months or more should be denied, and the Court should proceed with sentencing Defendant Zink on January 4, 2024.

    Respectfully submitted,

    MATTHEW M. GRAVES
    UNITED STATES ATTORNEY
    D.C. Bar Number 481052

By:   *s/ Cari F. Walsh*
    CARI F. WALSH
    Assistant U.S. Attorney
    MO Bar No. 37867

    HOLLY F. GROSSHANS
    Assistant U.S. Attorney

D.C. Bar No. 90000361

United States Attorney's Office
for the District of Columbia
601 D Street, NW
Washington, D.C. 20530
Phone: (202) 252-6737
Cari.Walsh@usdoj.gov
Holly.Grosshans@usdoj.gov

Case 1:21-cr-00191-JEB   Document 119   Filed 12/27/23   Page 8 of 8